**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**LEROY FERGUSON,**

    **Petitioner,**

**vs.**

                                **CASE NO. 4:10cv232-MP/WCS**

**EDWIN G. BUSS, Secretary,
Florida Department of Corrections,[1]**

    **Respondent.**

    _____/

## REPORT AND RECOMMENDATION

This is a petition for writ of habeas corpus filed by Leroy Ferguson pursuant to 28 U.S.C. § 2254.  Doc. 1.  Petitioner challenges a prison disciplinary report dated June 6, 2008, for violation of Rule 9-35, Chapter 33-601.314, "establishing or attempting to establish a business or personal relationship with any staff member."  *Id.*, p. 4, p. 4 on ECF  (the electronic docket).

---

[1] Edwin G. Buss was appointed as Secretary of the Florida Department of Corrections on February 14, 2011, and is substituted for Walter A. McNeil pursuant to FED. R. CIV. P. 25(d).

Respondent has filed a motion to dismiss.  Doc. 12.  Respondent also filed exhibits.  Doc. 13.  Reference herein to exhibits are those filed as doc. 13.

Petitioner filed a "motion for rehearing," assuming that his petition had been denied.  Doc. 16.  I entered an order advising Petitioner that his petition had not been denied, and extending the time for filing a response to the motion to dismiss to April 8, 2011.  Doc. 17.  Instead of filing a response, Petitioner filed an amended petition, doc. 18, and a response to the motion to dismiss.  Doc. 19.  Leave to file an amended petition has not been granted, but the two documents will be considered together as a response to the motion to dismiss.

Petitioner is serving a life sentence for first degree murder, with a mandatory 25 year term.  Doc. 18, p. 1; doc. 13-1 on ECF, p. 2.  The sentence is parole eligible.  Doc. 12, p. 5.

Petitioner asserts that he was disciplined for passing a note to a female officer suggesting that she "establish a relationship" with Petitioner after he is released.  Doc. 1, p. 1 (p. 4 on ECF).  He asserts that this was a false accusation.  *Id.*, p. 2 (p. 5 on ECF).  He alleges he was found guilty of a violation of regulation 9-35, attempting to establish a personal relationship with a staff member, based upon the written testimony of the officer.  *Id.*  He was placed into disciplinary confinement for 60 days and lost 180 days of gain time.  *Id.*, p. 3 (p. 6 on ECF).  Petitioner contends that he was subjected to this disciplinary action in violation of substantive and procedural due process.  *Id.*, p. 7-22 (pp. 10-25 on ECF).

Plaintiff did not have a liberty interest protected by procedural due process with regard to placement into disciplinary confinement for 60 days.  Rodgers v. Singletary,

142 F.3d 1252, 1253 (11th Cir. 1998) (holding that inmate did not show that he "was deprived of a constitutionally protected liberty interest as defined in Sandin" where he did not lose gain time and was only held in confinement for about two months), *citing* Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Harris v. Truesdell, 79 Fed.Appx. 756, 758-759 (6th Cir.(Mich.) Oct 23, 2003) (not selected for publication in the Federal Reporter, No. 03-1440) (60 days of punitive segregation is not an atypical and significant hardship and does not give rise to a due process liberty interest).  *See also*, Sanders v. Reeder, 2011 WL 1768850 (S.D. Ill. May 07, 2011) (No. CIV. 11-331-GPM):

> The United States Court of Appeals for the Seventh Circuit has noted that "an inmate's liberty interest in avoiding segregation [is] very limited or even nonexistent," and terms of segregated confinement of six months or less generally do not implicate due process.  Marion v. Columbia Corr. Inst., 559 F.3d 693, 697 & n. 2 (7th Cir.2009) (collecting cases).  *See also Lekas v. Briley*, 405 F.3d 602, 612 (7th Cir.2005) (ninety days in disciplinary segregation did not violate due process); *Hoskins v. Lenear*, 395 F.3d 372, 374–75 (7th Cir.2005) (sixty days in disciplinary segregation did not violate due process); *Thomas* [*v. Ramos*] , 130 F.3d at 760–62[2] (seventy days in disciplinary segregation did not violate due process); *Terrell v. Godinez*, 966 F.Supp. 679, 683 (N.D. Ill.1997) (sixty days in disciplinary segregation did not violate due process).

2011 WL 1768850, *3.

Further, since Petitioner is serving a life sentence, he has no liberty interest protected by procedural due process in gaintime.

> "[U]nder a life sentence, he cannot earn gain time, no matter how exemplary his conduct may be while incarcerated." *Tal-Mason v. State*, 700 So.2d 453, 455 (Fla. 4th DCA 1997), citing Fla. Stat. § 944.275(3)(a); *Burdick v. State*, 584 So.2d 1035, 1038-39 (Fla. 1st DCA 1991) (noting that a prisoner serving a life term could accumulate incentive gain time "on

---

[2] 130 F.3d 754 (7th Cir. 1997).

paper," which would only be credited if the life sentence were commuted to a term of years, after service of the minimum mandatory term), approved in part and quashed in part (other grounds), 594 So.2d 267 (Fla.1992). Departmental Procedure Number 601.301 on Inmate Discipline provides that:

> Inmates serving a life term, certain mandatory sentences or death sentences cannot earn or lose gain time. However, the [disciplinary hearing] team is authorized to recommend loss of gain time for these inmates for two reasons: (i) Loss of gain time indicates the seriousness of the disciplinary action; and (ii) Loss of gain time may be applicable if the courts convert a life or death sentence to a term of years. . . ."

. . . Prisoners in Florida serving a life sentence, however, assuming that they are beyond any 25 year mandatory term or do not have any such mandatory term to serve, try to live "DR free" for ten years so as to be eligible for executive clemency. . . . .

Since Plaintiff cannot "earn" gaintime, he has no due process liberty interest in it. While he potentially might benefit from executive clemency if he remains "DR free" for ten years, or he might potentially benefit from the gaintime if his sentence were to be commuted to a term of years, these events are too speculative to give rise to a liberty interest in this gaintime protected by due process. *See Conlogue v. Shinbaum*, 949 F.2d 378, 380 (11th Cir. 1991) (concluding no liberty interest arose from possibility of discretionary grant of incentive good time), cert. denied, 506 U .S. 841 (1992); *Cook v. Wiley*, 208 F.3d 1314, 1323 (11th Cir.2000) ("Because the § 3621(e)(2)(B) sentence reduction [for conviction for a nonviolent offense] is left to the unfettered discretion of the BOP, the statute does not create a constitutionally protected liberty interest."); *Venegas v. Henman*, 126 F.3d 760, 764 (5th Cir.1997) ("loss of the mere opportunity to be considered for discretionary early release is too speculative to constitute a deprivation of a constitutionally protected liberty interest"), *cert. denied*, 523 U.S. 1108 (1998); *Osterback v. Johnson*, Middle District of Florida Case Number 2:97cv314-FTM-16DNF, Order of June 2, 2003, District Judge John H. Moore II, doc. 92, Exhibit A, p. 4.

Osterback v. Crosby, 2004 WL 964139, *4 (N.D. Fla. 2004) (No. 4:01cv76-WS/WCS).[3]

---

[3] WestLaw erroneously reports this as a Middle District of Florida case.

The effect of this disciplinary report upon Petitioner's future parole prospects is too speculative to give rise to any constitutional claim.

> Nor does Conner's situation present a case where the State's action will inevitably affect the duration of his sentence. Nothing in Hawaii's code requires the parole board to deny parole in the face of a misconduct record or to grant parole in its absence, Haw.Rev.Stat. §§ 353-68, 353-69 (1985), even though misconduct is by regulation a relevant consideration, Haw.Admin.Rule § 23-700-33(b) (effective Aug. 1992). The decision to release a prisoner rests on a myriad of considerations. And, the prisoner is afforded procedural protection at his parole hearing in order to explain the circumstances behind his misconduct record. Haw.Admin.Rule §§ 23-700-31(a), 23-700-35(c), 23-700-36 (1983). The chance that a finding of misconduct will alter the balance is simply too attenuated to invoke the procedural guarantees of the Due Process Clause.

Sandin, *supra*, 515 U.S. at 487, 115 S.Ct. at 2302; Osterback, *supra*. All of this is true in Florida. The Florida Parole Commission has discretion to give such weight as it might deem necessary, or no weight at all, to this disciplinary report.

Further, even if this case involved a denial of parole, Petitioner does not have a due process liberty interest in parole in Florida. While not binding precedent, the guidance from a recent unpublished Eleventh Circuit case, which accurately tracks the well-established due process law as to parole in Florida, is persuasive:

> A civil rights action, brought pursuant to § 1983, must allege that (1) the complainant was deprived of a federal right (protected by either the Constitution or federal statute) by (2) a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir.2001). As a general rule, in order to sustain a procedural due process violation, one must have a liberty interest created by the United States Constitution or by a state. *Monroe v. Thigpen*, 932 F.2d 1437, 1441 (11th Cir.1991). Interests protected by the Due Process Clause may be created by prison regulations, *see Wolff v. McDonnell*, 418 U.S. 539, 556-58, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935 (1974), and state statutes and regulation, *Vitek v. Jones*, 445 U.S. 480, 488, 100 S.Ct. 1254, 1261, 63 L.Ed.2d 552 (1980). The Constitution does not confer a liberty interest in parole, *Monroe*, 932 F.2d at 1441, and the *Florida statutes do not create a liberty interest in parole*, because the decision whether to release an inmate on parole is a

> matter committed to the discretion of the Commission without the mandate of statute, *Staton v. Wainwright*, 665 F.2d 686, 688 (5th Cir. Unit B 1982). There is *no liberty interest in the calculation of Florida's "presumptive parole release date"* even though it is binding on the Commission, because the ultimate parole decision is a matter of Commission discretion. *Damiano v. Florida Parole and Probation Comm'n*, 785 F.2d 929, 932 (11th Cir.1986). *See also Hunter v. Florida Parole & Probation Comm'n*, 674 F.2d 847 (11th Cir.1982) (holding no due process violation could be shown through an allegation that the Florida Parole and Probation Commission improperly calculated a prisoner's "presumptive parole release date").

Walker v. Florida Parole Com'n, 299 Fed.Appx. 900, 901-902 (11th Cir.(Fla.) Nov 06, 2008) (not selected for publication in the Federal Reporter, No. 07-13524) (emphasis added). For these reasons, Petitioner has failed to state a claim for denial of procedural due process.

The only potential substantive due process claim would be if Respondent had admitted that Petitioner was disciplined based upon false evidence. Respondent has not admitted that. Indeed, the evidence at the disciplinary hearing was contested. *Cf.*, Walker, 299 Fed.Appx. At 902, quoting Monroe v. Thigpen, 932 F.2d 1437, 1441 (11th Cir.1991):

> Although an inmate has no due-process right to an error-free determination of parole eligibility, *see Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 2103-04, 60 L.Ed.2d 668 (1979), a prison official may not engage in "arbitrary and capricious" or "flagrant or unauthorized action," *Thomas v. Sellers*, 691 F.2d 487, 489 (11th Cir. 1982), such as knowingly or admittedly relying on false information in making parole decisions, *Monroe*, 932 F.2d at 1442 n. 11. However, prisoners do not state a due process claim by simply asserting that erroneous information might have been used during their parole consideration. *Slocum v. Georgia State Bd. of Pardons and Paroles*, 678 F.2d 940 (11th Cir.1982).

The allegations in this petition do not present any no substantive due process claim. For these reasons, the motion to dismiss should be granted.

Case No. 4:10cv232-MP/WCS

**Certificate of Appealability**

Section 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2254 Rule 11(b).

I find no substantial showing of the denial of a constitutional right. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, I recommend that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." The parties may make argument as to whether a certificate should issue by objections to this report and recommendation.

## Conclusion

Accordingly, it is **RECOMMENDED** that petition for writ of habeas corpus filed by Leroy Ferguson pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary report dated June 6, 2008, for violation of Rule 9-35, Chapter 33-601.314, "establishing or attempting to establish a business or personal relationship with any staff member," be **DENIED WITH PREJUDICE** and that a certificate of appealability be **DENIED** pursuant to § 2254 Rule 11(a).

**IN CHAMBERS** at Tallahassee, Florida, on June 17, 2011.

s/   William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:10cv232-MP/WCS